**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:18-cr-20631-RAR/Becerra

UNITED STATES OF AMERICA,

v.

LUIS FELIPE ESCORCIA GAVIRIA,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**[1]
**ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

    **THIS CAUSE** came before the Court on Defendant, Luis Felipe Escorcia Gaviria's ("Defendant"), *pro se* Motion to Reduce Sentence Per 18 U.S.C. 3582 (C)(2) (the "Motion"). ECF No. [27]. The United States of America (the "Government") filed a Response in Opposition to Defendant's Motion (the "Response"). ECF No. [31]. Defendant did not file a reply, and the time to do so has now passed. Upon due consideration of the Motion, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Defendant's Motion be **DENIED**.

**I.**     **BACKGROUND**

    On July 24, 2018, a federal grand jury returned a two-count Indictment charging Defendant with (i) conspiracy to import a controlled substance, in violation of 21 U.S.C. § 846 (Count 1) and (ii) conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (Count 2). ECF No. [5]. Defendant pled guilty to both counts. *See* ECF Nos. [12], [20]. On December 17, 2018, Defendant was sentenced to seventy-two months imprisonment to run concurrently as to Counts 1 and 2. ECF No. [20]. Defendant was also sentenced to two years of

---

[1] This matter was referred to the undersigned by the Honorable Rodolfo A. Ruiz, II, United States District Judge. ECF No. [29].

supervised released and the special condition that he surrender to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings upon the termination of his imprisonment. *Id.*

On October 2, 2020, Defendant filed his first Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "First Motion for Compassionate Release"). ECF No. [22]. Therein, Defendant's counsel argued that there were extraordinary and compelling reasons to shorten Defendant's prison sentence because Defendant was in the "highest risk category for developing serious illness or dying from Covid-19[,]" based on his "cardiovascular disease, a prior severe heart attack resulting in quintuple coronary artery by-pass surgery, Type 2 diabetes, hypertension, a history of obesity with bariatric surgery in 2014, sleep apnea, and hyperlipidemia." *Id.* at 1. The Court denied the First Motion for Compassionate Release on December 7, 2020, finding that extraordinary and compelling circumstances existed but that Defendant's release was not supported by the Section 3553(a) factors. ECF No. [26] at 3–4.

In the instant Motion, Defendant raises various grounds for a reduction in his sentence. *See generally* ECF No. [27]. First, Defendant argues that pursuant to Section 3582(c)(2), the Court should reduce his sentence because "the Sentencing Commission has subsequently lowered the U.S. Sentencing Guidelines pursuant to 28 USC 994(o)." *Id.* at 1. However, Defendant does not state which amendment has lowered the applicable sentencing guidelines. *See id.* Second, Defendant argues that the Court should "take the case out of the 'heartland' of the sentencing guidelines." *Id.* at 2 (citing *Koon v. United States*, 518 U.S. 81, 91 (1996)). Defendant argues that a reduction in his sentence is warranted because he is not a United States citizen and therefore is ineligible for certain relief that is available to citizens, such that his "condition within the Bureau of Prisons will be more severe than those of prisoners who are U.S. citizens." *Id.* at 2–3.

Specifically, Defendant contends that he is ineligible to receive the following: (1) "Time Credits" pursuant to the First Step Act based on his classification as a "low recidivism inmate" and his engagement in productive activities; (2) home confinement due to CDC COVID risk factors pursuant to the CARES Act; (3) the Residential Drug Abuse Program; (4) placement in a halfway house; (5) designation to 500 miles from release address, in which Defendant is incarcerated in Hawaii at a facility where he does not have access to family visits or English-as-a-second-language lessons; and (6) home confinement, generally. *Id.* Additionally, Defendant argues that a downward departure in his sentence is warranted because he would stipulate to deportation. *See id.* at 3. Ultimately, Defendant contends that the disparity in treatment of non-citizens, like Defendant, compared to citizens justifies a reduction of his sentence. *Id.* (citing *United States v. Herrea Lopez*, 470 F. App'x 509 (7th Cir. 2012); *United States v. Guzman*, 236 F.3d 830 (7th Cir. 2001); *United States v. Milikowsky*, 65 F.3d 418 (2d Cir. 1995)). Defendant seeks "a specific modification to 60 months for both Counts, thereby reducing his sentence 12 months on each Count[.]" *Id.* at 4.

In its Response, the Government argues that Defendant's Motion should be denied both because he fails to show he is entitled to relief under Section 3582(c) and because the Section 3553(a) factors do not support his release. *See generally* ECF No. [31]. First, the Government argues that "Gaviria does not clarify which, if any, Sentencing Commission amendment applies to retroactively provide him the relief he seeks—as is required by 18 U.S.C. § 3582(c)(2)." *Id.* at 4–5. Moreover, the Government contends there is no such amendment that would support a reduction in his sentence. *Id.* at 5. Second, the Government argues that the Section 3553(a) factors strongly weigh against granting Defendant's Motion. *Id.* The Government cites to the District Court's Order denying Defendant's First Motion for Compassionate Release, wherein the Court rejected

3

the proposition that Defendant was no longer a danger to the community as "Defendant was in the United States for a very short period of time, close to a week, before being arrested for the crimes for which he is currently serving a sentence of imprisonment . . . [and] [a reduction of sentence] would be wholly inadequate in terms of reflecting the seriousness of the offense." *Id.* (citing ECF No. [26] at 4 (alterations supplied)). Additionally, the Government argues that the Court does not have jurisdiction to consider Defendant's argument concerning application of First Step Act time credits because, "[o]utside the context of a 28 U.S.C. § 2241 petition, federal courts lack jurisdiction to review claims related to good-time credit." *Id.* at 6 (citing cases). Indeed, the Government argues that even if Defendant had filed this Motion under Section 2241, the Court would still be without jurisdiction because such relief must be sought in the district where a defendant is imprisoned. *Id.* at 6–7.

## II.     ANALYSIS

"Generally, a district court may not modify a term of imprisonment once imposed." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, Title 18, United States Code, Section 3582(c)(2) allows the following exception:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Additionally, the relevant policy statement of the Sentencing Commission states that:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).

4

>If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

U.S. Sentencing Guidelines Manual § 1B1.10(a) (Nov. 2003); *see also United States v. Lee*, No. 98-cr-06212, 2004 WL 7321638, at *1 (S.D. Fla. Dec. 22, 2004).  Moreover, "[w]hen determining whether to modify a defendant's sentence pursuant to § 3582(c)(2), the district court . . . is not permitted to resentence *de novo,* and '*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.'"  *United States v. Howard*, 372 F. App'x 978, 979 (11th Cir. 2010) (quoting *United States v. Bravo,* 203 F.3d 778, 781 (11th Cir.2000)) (emphasis in original).  It is Defendant's burden to "establish[] that a retroactive amendment has actually lowered his guidelines range in his case" and "[e]ven where the applicable amendment is retroactive and application of it actually produces a lower guidelines range than the district court originally applied, the district court still retains discretion to determine whether a sentence reduction is warranted."  *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

As a preliminary matter, the undersigned notes that because Defendant "is proceeding *pro se,* [the Court] will construe his pleadings liberally."  *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (citing *Miller v. Donald,* 541 F.3d 1091, 1100 (11th Cir.2008)).  Nevertheless, it is still Defendant's burden to establish that he is entitled to a sentence reduction under Section 3582(c)(2) by virtue of a retroactive amendment.  Defendant has not set forth *any* amendment that would result in a sentence reduction.  As such, he has failed to meet his burden.

Second, even if Defendant were to have shown that there was an applicable retroactive amendment, the Court must consider the Section 3553(a) factors, which include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect

5

for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established"; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *See* 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(1)–(7).

This Court has already found that Defendant's release would be inconsistent with the Section 3553(a) factors. ECF No. [56]. Defendant does not offer any new arguments that would justify departing from the Court's prior findings. Indeed, Defendant participated in a sophisticated scheme, planning to import 194 kilograms of cocaine into the United States from Colombia. *See* ECF No. [13] at 1–2. Though Defendant seeks to characterize his sentence as disparate treatment based on his status as a non-citizen, he neglects to note that the Court actually sentenced him below the guidelines range. ECF Nos. [17], [20]; *see also United States v. Alvarez*, No. 14-cr-80110, 2019 WL 9045535, at *1 (S.D. Fla. May 9, 2019) (denying defendant's motion for a sentence reduction where defendant "already received the benefit of the reduced drug sentence that resulted from the Amendment 782 to the Sentencing Guidelines" and thus there was "no basis to reduce his sentence . . . ."). Releasing Defendant now would not promote respect for the law, provide punishment for his offense, nor afford adequate deterrence.

Finally, Defendant's arguments concerning his lack of access to benefits that citizens would receive are unpersuasive. Although Defendant is correct that courts have found that "departure based on conditions of confinement for a deportable alien is generally permissible[,]" that does not mean a court *must* reduce a sentence on those grounds, but rather simply indicates it

is a factor courts *may* consider at sentencing given that "[d]eportable alien status is not among the factors that has been prohibited by the Sentencing Commission as a basis for departure." *United States v. Martinez-Carillo*, 250 F.3d 1101, 1107 (7th Cir. 2001). There is simply no relief pursuant to Section 3582(c)(2) given Defendant's status as a deportable alien, because there is no amendment that would retroactively impose a lower guidelines range as a result of his status. And indeed, as the Government notes, "[a] claim for credit for time served is [properly] brought under 28 U.S.C. § 2241 . . . ." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000); *see also United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005), *abrogated on other grounds* ("In construing 18 U.S.C. § 3585(b), the Supreme Court has held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing.") (citing *United States v. Wilson,* 503 U.S. 329, 333–35 (1992)); *United States v. Martin*, 362 F. App'x 69, 70–71 (11th Cir. 2010) (unpublished).

### III.   CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that Defendant's Motion, ECF No. [27], be **DENIED**.

### IV.   OBJECTIONS

The parties will have **FOURTEEN (14)** calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Any request for an extension of this deadline must be made within **SEVEN (7)** calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual

and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida, on January 12, 2023.

_____
**JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE**